**GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,**

v.

**Pasquale T. YASPARRO, et al., Defendants.**

**No. 87–74–CIV–T–17(C).**

United States District Court, M.D. Florida, Tampa Division.

Sept. 7, 1988.

Stephanie Cates–Harman, Nixon and Nixon, Tampa, Fla., for plaintiff.

Bernard J. Morse, Edward F. Gerace, P.A., Bernard J. Morse, Tampa, Fla., for defendants.

ORDER

KOVACHEVICH, District Judge.

This cause of action is before the Court on motion of Travelers Insurance Company to impose sanctions. On July 19, 1988, this Court granted Travelers' motion for summary judgment. The Court found that Plaintiff had failed to establish that Travelers owed it a duty to notify of payment of the loss and that the preparation and issuance of the checks in question were negligent. The Travelers Insurance Company was dismissed from the action.

On August 2, 1988, Travelers filed a motion to impose sanctions under Rule 11, Fed.R.Civ.P. Travelers filed a supplement to the motion on August 11, 1988. Travelers requests fees and expenses of approximately $6,537.89, as evidenced by affidavit of John D. Kallen.

Rule 11, Fed.R.Civ.P. requires a pleading to be signed by a counsel of record. The signature constitutes a certificate by signer that the signer "has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

If a pleading is signed in violation of the rule, the court, on motion or on its own initiative, "shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fees."

■ The standard for Rule 11 sanctions is "reasonableness under the circumstances." The Court should not indulge in hindsight but should test the signer's conduct "by inquiring what was reasonable to believe at the time the pleading" was submitted. *Donaldson v. Clark*, 819 F.2d 1551, 1555–1556 (11th Cir.1987). A pleader need not be correct in his or her view of the law, and, therefore, the granting of a motion for summary judgment is not dispositive of the issue of sanctions. *Wasyl, Inc. v. First Boston, Corp.*, 813 F.2d 1579, 1582 (9th Cir.1987).

Travelers asserts that there was never any dispute as to the facts in this cause nor as to the law applicable to the facts: "This is evident from the total failure of the Plaintiff to cite even one legal authority in opposition to TRAVELERS motion for summary judgment, to cite even one legal authority in support of its own motion for summary judgment against TRAVELERS, or even attempt to distinguish any of the legal authorities cited by TRAVELERS in the latter's motion for summary judgment. In effect, TRAVELERS' motion for summary judgment was never in dispute and as such, it can safely be represented that the Plaintiff never had any intention of seriously pursuing its claim against TRAVELERS." The Court disagrees.

■ In the first instance, it must be noted that the motion for summary judgment and opposition to Traveler's motion for summary judgment, which Travelers alleges as "proof" of violation of Rule 11, was filed by Robert E. Burguieres, present counsel of record for Plaintiff. The signatory to the amended complaint, the pleading under scrutiny here, was Stephanie Cates–Harman, then counsel of record. The Court will not accept the alleged failure of second counsel of record to defend and/or prosecute motions for summary judgment as proof of the propriety of the imposition of sanctions against the original counsel of record. The question is the "reasonableness" under the circumstances, at the time, for the signer of the amended complaint.

[3] The Court has reviewed the affidavit of Stephanie Cates–Harman submitted in opposition to the motion for imposition of sanctions and the record in this cause. While the Court determined that the facts, as presented by the motions for summary judgment, were not sufficient to create a genuine issue for trial as to Travelers, the Court cannot say the amended complaint is so lacking in plausibility as to make the signer, Stephanie Cates–Harman, subject to Rule 11 sanctions. The Court finds there was a "reasonable" belief by the signer of the amended complaint, at the time, of the what the law is, or should be to avoid Rule 11 sanctions. Accordingly, it is

ORDERED that the motion to impose sanctions pursuant to Rule 11, Fed.R. Civ.P., be denied.